# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 29, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | * | |
| CYNTHIA PRYOR and | * | |
| FREDDIE PRYOR, JR., *on behalf* | * | Unpublished |
| *of their minor child, I.P.,* | * | |
| Petitioner, | * | No.18-1288V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim request. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | * | |

*Andrew D. Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
*Steven Santayana,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 10, 2022, Cynthia Pryor and Freddie Pryor, Jr., on behalf of their minor child, I.P. ("petitioners") filed a motion for interim attorneys' fees and costs. Petitioners' ("Pet.") Interim Fees Motion ("Int. Mot.") (ECF No. 55). On October 13, 2022, petitioner filed a supplemental motion for interim attorneys' fees and costs, stating that petitioner's expert filed additional invoices and would like the consideration of those invoices as part of the interim fees motion. Pet. Supplemental ("Supp.") Int. Mot. As such, these two motions will be considered together and this decision addresses both motions for interim attorneys' fees and costs. For the reasons set forth below, I hereby **GRANT** petitioners' motions and find an award of $168,133.06 in interim attorneys' fees and costs to be reasonable.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

I.      **Procedural History**

Petitioners filed their petition in the National Vaccine Injury Compensation Program[2] ("the program") on August 24, 2018. Petition (ECF No. 1). Petitioners allege that I.P. developed chronic non-bacterial osteomyelitis as a result of receiving the Pediatrix, MMR and Varicella vaccinations on September 10, 2015. *Id.* Petitioner filed accompanying medical records on September 6, 2018. Pet. Exhibits ("Exs.") 1-5. On February 22, 2019, respondent filed a status report stating that he wanted to defend against petitioners' claim and requested the Court to set deadlines for the parties to file expert reports. Respondent ("Resp.") Status Report ("Rept.") (ECF No. 10).

On June 10, 2019, petitioner filed an expert report from Dr. Thomas Zizic and supporting medical literature. Pet. Exs. 8-24 (ECF Nos. 16-17). Respondent filed the Rule 4(c) report, recommending against compensation on October 10, 2019. Resp. Rule 4(c) Rept. (ECF No. 21). Respondent also filed an expert report from Dr. Hayley Gans, along with supporting medical literature. Resp. Exs. A-K (ECF Nos. 22). Petitioners filed a supplemental expert report from Dr. Zizic on January 22, 2020. Pet. Ex. C (ECF No. 25).

On April 6, 2020, respondent filed a responsive supplemental expert report from Dr. Gans. Resp. Ex. L-Q (ECF Nos. 28). Petitioners filed additional medical literature on April 15, 2020. Pet. Exs. 26-27 (ECF No. 29).

I held a status conference on May 26, 2020, where the parties requested that a hearing be set in the case. Scheduling Order (ECF No. 31). Petitioners filed updated medical records and information relating to a Medicaid claim. Pet. Exs. 28 & 29 (ECF Nos. 32-33). After unsuccessful settlement negotiations, I issued a hearing order, setting an entitlement hearing for September 21-22, 2022. Hearing Order (ECF No. 39).

Petitioners filed a pre-hearing brief on August 12, 2022 and respondent filed a pre-hearing brief on September 12, 2022. Pet. Pre-hearing Brief (ECF No. 45); Resp. Pre-hearing Brief (ECF No. 49).

An entitlement hearing was held on September 21-22, 2022, where Dr. Thomas Zizic and petitioner, Ms. Cynthia Pryor testified on behalf of petitioner and Dr. Hayley Gans testified on behalf of respondent.

Petitioners filed this instant motion, requesting $94,447.00 in attorneys' fees in pursuit of petitioners' claim and $77,933.06 in attorneys' costs, totaling $172,380.06. Int. Mot.; Supp. Int. Mot. On October 11, 2022, respondent file a response to petitioners' motion, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. The Federal Circuit has made it clear that "determination of the amount of reasonable attorneys' fees is within the special master's discretion." Resp. Response at 2. The

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2

respondent requested that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3.

On October 13, 2022, petitioner filed a supplemental motion for interim fees. Supp. Int. Mot. Petitioners' supplemental motion states that Dr. Zizic provided petitioners' attorney additional invoices related his work in reviewing medical literature and drafting a rebuttal report to respondent's expert report. *Id.* at 1. These additional invoices total $15,740.00. *Id.*

Respondent has not filed a reply to petitioners' supplemental interim fees motion. These matters are now ripe for adjudication.

## II. Entitlement on Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, petitioners are requesting a total of $172,380.06 in attorneys' fees and costs, which is above the threshold amount described above. Additionally, an entitlement hearing has occurred, where petitioners had an expert testify. Finally, this case has been pending for over three years in the program. As such, I find that an award of interim attorneys' fees and costs is appropriate at this time.

### III. Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B. Hourly Rates

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F. 3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriquez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349).

Petitioners have been represented by Mr. Andrew Downing and Ms. Courtney Jorgeson for the pendency of their claim. In July 2022, Ms. Ann Allison joined in the assistance of petitioners' claim when Mr. Downing formed a new law firm, Downing, Allison & Jorgeson. Petitioners are requesting that Mr. Andrew Downing be awarded an hourly rate of $385.00 per hour for work performed between 2018-2021 and then $415.00 per hour for work performed for half of 2022 and then $445.00 per hour for the second half of 2022. Additionally, petitioner is requesting that Ms. Courtney Jorgenson be awarded an hourly rate of $205.00 for 2018-2019,

4

$275.00 per hour 2020; and $325.00 per hour for work performed in the first half of 2022 and then $345.00 per hour for the second half of 2022. Petitioners are also requesting that Ms. Ann Allison be awarded an hourly rate of $415.00 per hour for her work on this matter. Int. App. Ex. A at 22, 34. Finally, petitioners request that the work performed by paralegals be reimbursed at a rate of $135.00-$155.00 per hour for their work on the case between 2018-2022.

The hourly rates requested by Mr. Downing and Mr. Jorgenson for 2018-2021 have been previously awarded for the work in the Vaccine Program. *See e.g.*, *Neuss-Guillen v. Sec'y of Health & Human Servs.,* No. 18-1463V, 2022 WL 3681274, at * 6 (Fed. Cl. Spec. Mstr. July 25, 2022); *Colbath v. Sec'y of Health & Hum. Servs.*, No. 17-599V, 2021 WL 1120986, at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); *Dreyer v. Sec'y of Health & Hum. Servs.*, No. 18-764V, 2019 WL 6138132, at *3 (Fed. Cl. Spec. Mstr. Oct. 29, 2019); *Antolick v. Sec'y of Health & Hum. Servs.,* No. 16-1460V, 2020 WL 524776, at *4 (Fed. Cl. Jan. 13, 2020). However, it has been my practice and that of other Special Masters to award an approved rate throughout a calendar year and only making adjustments to the hourly rates for hours performed in a succeeding year. Thus, the increased rate of $445.00 per hour for Mr. Downing's work in the second part of 2022 and the increased rate of $345.00 per hour for Ms. Jorgenson will not be awarded at this time. Thus, Mr. Downing's rate for all of 2022 will remain at $415.00 per hour and Ms. Jorgenson's rate will be $325.00 per hour for all of 2022.

Ms. Ann Allison is a new attorney to the Vaccine Program. Int. App. at 7. She has been practicing law for 34 years. *Id.* Ms. Allison received her law degree from the University of Oklahoma in 1988. Petitioners request that Ms. Allison be awarded an hourly rate of $415.00, which is below OSM's Attorneys' Forum Hourly Rate Fee for an attorney with 31+ years of practice.[3] Some of the factors to be used to determine a reasonable hourly rate are the overall experience of the attorney, the experience of an attorney in the Vaccine Program, and the prevailing rate for cases in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). While Ms. Allison has many years of experience, this is her first case in the Vaccine Program. Her colleagues, Mr. Downing and Ms. Jorgenson both have more experience with the complexity of the cases in the Vaccine Program. As such, for 2022, Ms. Allison will be awarded a rate of $325.00 per hour, consistent with that of Ms. Jorgenson. Furthermore, Ms. Allison did not perform substantial work on this case and may be awarded higher rates in the future when she has more Vaccine Program experience and her contribution to the case development is more substantial.

Finally, the hourly rates requested by petitioners for the work performed by the paralegals are consistent with the rates that have been previously awarded and no adjustment in their hourly rate is necessary.

### C. Hours expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their

---

[3] Office of Special Masters, Attorneys' Forum Hourly Rate Fee Schedule: 2022,

5

prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Petitioners' counsel provided a breakdown of hours bill. Int. Mot. Ex. A. Upon review of the invoice submitted with petitioners' interim fee application, and my knowledge of the proceedings in this case to date, the number of hours expended appear to be reasonable and adequately documented. However, because of the adjusted hourly rates for Mr. Downing, Ms. Jorgenson for 2022 and the adjusted rate for Ms. Allison, petitioners' attorneys' fees are reduced by $4,247.00.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

Petitioners request a total of $77,933.06 in attorneys' costs. Int. Mot.; Supp. Int. Mot. These costs include postage, obtaining medical records, the Court filing fee, copies and retaining an expert. Int. Mot. at 4; Supp. Int. Mot. at 1. The bulk of petitioners' attorneys' costs, $76,962.00, is associated with Dr. Thomas Zizic writing three expert reports. Dr. Zizic is requesting an hourly rate of $400.00 per hour for the preparation of his two reports and his testimony at the entitlement hearing on September 21-22, 2022. Dr. Zizic has previously been awarded an hourly rate of $400.00. *See Bourche v. Sec'y of Health & Human Servs.,* No. 15-232V (Fed. Cl. Spec. Mstr. May 11, 2017). I see no reason to adjust his rates, given that he has excellent credentials and provided well-written expert reports and cogent testimony in this case. The number of hours billed on the case is quite high. His bill will be awarded but he is encouraged to be more efficient in producing reports in the future. Further, the other attorneys' costs, such as postage, obtaining medical records and the Court filing fee, are all costs that are routine in the Vaccine Program and petitioners' attorneys have provided invoices documenting these costs. Thus, petitioners' attorneys' costs shall be awarded in full.

### IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** I find that petitioners are entitled to a reimbursement of interim attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $94,447.00 |
| (Reduction of Fees) | ($4,247.00) |
| **Total Attorneys' Fees Awarded** | **$90,200.00** |
| | |
| Attorneys' Costs Requested | $77,933.06 |
| (Reduction of Costs) | ------ |
| **Total Attorneys' Costs Awarded** | **$77,933.06** |
| | |
| **Total Attorneys' Fees and Costs** | **$168,133.06** |

**Accordingly, I award a lump sum in the amount of $168,133.06 representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioners and their counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).