# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1288V

```
* * * * * * * * * * * * * * * * * * * * * * * *  *
                                                 *
                                                 *
CYNTHIA PRYOR *and* FREDDIE PRYOR,               *
JR., *on behalf of their minor child, I.P.*,     *
                                                 *
                                                 *
                    Petitioners,                 *   Special Master Jennifer A. Shah
                                                 *
                                                 *
v.                                               *   Filed: April 6, 2026
                                                 *
                                                 *
SECRETARY OF HEALTH AND                          *
HUMAN SERVICES,                                  *
                                                 *
                                                 *
                    Respondent.                  *
                                                 *
* * * * * * * * * * * * * * * * * * * * * * * *  *
```

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for Petitioners.
*Ryan P. Miller*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 24, 2018, Cynthia and Freddie Pryor, Jr. ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), alleging that I.P., their minor child, developed chronic non-bacterial osteomyelitis as a result of the Pediarix (a combination vaccination for diphtheria,

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

tetanus, pertussis, hepatitis B, and polio[3]), measles, mumps, and rubella ("MMR"), and Varicella vaccinations she received on September 10, 2015.  ECF No. 1 ("Pet.") at 1-3.

After filing the petition, Petitioners filed a statement from Ms. Pryor, medical records, medical literature, and an expert report.  Exs. 1-24.  Respondent filed a Rule 4(c) Report on October 10, 2019, contending that entitlement should be denied.  ECF No. 21.  The parties filed additional expert reports and literature, and an entitlement hearing was held on September 21-22, 2022.  Exs. 25-28; Exs. A-Q.  On October 10 and 13, 2022, Petitioners filed an application for interim attorneys' fees and costs and a supplemental motion with additional invoices, requesting $172,380.06 in attorneys' fees and costs for work performed from 2018-2022.  ECF No. 55, 57.  On November 29, 2022, former Special Master Thomas L. Gowen granted Petitioners' application in part, awarding $168,133.06.  ECF No. 61.

Petitioners filed a post-hearing brief on January 13, 2023; Respondent filed a responsive post-hearing brief on February 8, 2023; Petitioners filed a reply brief on March 16, 2023.  ECF Nos. 67-68, 70.

On January 3, 2025, Petitioners filed a second motion for interim attorneys' fees and costs, requesting a total of $23,519.60, comprised of $22,163.00 for attorneys' fees and $1,356.60 for attorneys' costs.  ECF No. 72 ("Fees App.") at 22; Fees App., Ex. A at 4.  Petitioners noted that their counsel, Mr. Andrew D. Downing, "has had the honor of being vetted for a Presidential appointment within the U.S. Health and Human Services" and would no longer be able to continue representing them in the Vaccine Program.  Fees App. at 2.  They requested fees associated with Mr. Downing's work, as well as other fees and costs.  *Id.* at 22.

Respondent filed a response on January 16, 2025, deferring to me as to whether Petitioners have met the legal standard for an award of interim attorneys' fees and costs.  ECF No. 73 ("Fees Resp.") at 2.  Petitioners did not file a reply brief.  Petitioners have not incurred any personal costs.  Fees App. at 1, 25.

As noted, Petitioners were initially represented by Mr. Andrew D. Downing.  On January 21, 2025, Ms. Alison Haskins filed a motion to substitute as counsel for Petitioners.  ECF No. 74.  This case was reassigned to me on February 24, 2026.  ECF No. 76.

I hereby **GRANT IN PART** Petitioners' application and award a total of **$22,959.60** in interim attorneys' fees and costs.

## I.    Legal Standard

### A.  Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed.

---

[3] *Combination Vaccines*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/vaccines-children/about/combination-vaccines.html (last updated July 2, 2024).

Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *1-2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undue hardship inquiry looks at more than just the financial involvement of a petitioner; it also considers the expenditures of counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B.  Good Faith

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 665 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioners had an honest belief that their claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just Petitioners' belief in their claim. *Turner*, 2007 WL 4410030, at \*6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Rountree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at \*3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283-87 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis . . ." *Id.* at 286. The Court in *Chuisano* found that a petition that relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, \*2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, \*2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at \*7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, a special master may consider multiple factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl.282, 289 (2018). This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at \*4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

4

## II.    Discussion

### A.  Undue Financial Hardship

The Federal Circuit has noted that interim fees "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  *Avera*, 515 F.3d at 1352 Petitioners' fees request is on behalf of their former counsel, Mr. Downing, who has wound down his Vaccine Program practice after receiving a Presidential appointment.  *See* Fees App. at 2.  Other special masters have awarded interim attorneys' fees for Mr. Downing's work under these circumstances.  *See McNulty, on behalf of J.M., v. Sec'y of Health & Hum Servs.*, No. 24-1779V, 2025 WL 4101614, at *3 (Fed. Cl. Spec. Mstr. Dec. 31, 2025); *Newey v. Sec'y of Health & Hum. Servs.*, No. 22-494V, 2025 WL 463256, at *2 (Fed. Cl. Spec. Mstr. Jan. 16, 2025); *see also Lucas v. Sec'y of Health & Hum. Servs.*, No. 19-1525V, 2025 WL 1158901, at *2 (Fed. Cl. Spec. Mstr. Mar. 25, 2025); *Fiorello v. Sec'y of Health & Hum. Servs.,* No. 17-1869V, 2025 WL 785004, at *1 (Fed. Cl. Spec. Mstr. Feb. 11, 2025).  Moreover, since the last award of interim attorneys' fees and costs, Mr. Downing performed additional work, including filing post-hearing briefs.  I find that, under the circumstances, Petitioners would suffer undue hardship without a second award of interim fees and costs.

### B.  Good Faith and Reasonable Basis

Respondent has not raised any specific objection to Petitioners' good faith or reasonable basis for this claim, and he leaves the determination to my discretion.  Fees Resp. at 4.  I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence.  Based on the materials filed by Petitioners thus far, I find that they have maintained a reasonable basis for their claim.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award interim fees and costs as described below.

### C.  Attorneys' Fees

Petitioners request a total of $22,163.00 in attorneys' fees for Downing, Allison & Jorgenson, LLC ("Downing, Allison & Jorgenson").  Fees App. at 22.  Petitioners bear the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable.  *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993).

#### 1.  Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney."  *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed.

5

Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioners request compensation for Mr. Downing at a rate of $445.00 per hour for work performed in 2022-2023 and $485.00 per hour for work performed in 2024. Fees App. at 24-25. Petitioners request compensation for Ms. Courtney Jorgenson, counsel, at a rate of $345.00 per hour for work performed in 2022-2023 and $375.00 per hour for work performed in 2024. *Id.*

Petitioners also request compensation for paralegal work. Fees App. at 25. Petitioners request compensation for Ms. Danielle Avery, Mr. Alex Malvick, and Ms. Samantha Perez, paralegals, at a rate of $155.00 per hour for work performed in 2022-2023 and $175.00 per hour for work performed in 2024. *Id.*

The requested rates for Mr. Downing and Ms. Jorgenson for 2023 and 2024 are consistent with what they have previously been awarded and are in accordance with the Office of Special Masters' Fee Schedule. But the requested rates for Mr. Downing and Ms. Jorgenson for 2022 require adjustment, as they are inconsistent with previously awarded rates. *See Lizalde v. Sec'y of Health & Hum. Servs.*, No. 21-1791V, 2025 WL 2223405, at *4 (Fed. Cl. Spec. Mstr. July 8, 2025) (awarding Mr. Downing a rate of $415.00 per hour for work performed in 2022 and Ms. Jorgenson a rate of $325.00 per hour for work performed in 2022); *Coons v. Sec'y of Health & Hum. Servs.*, No. 20-1067V, 2025 WL 1011347, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2025) (same). Accordingly, the 2022 rates for Mr. Downing and Ms. Jorgenson will be reduced to their previously awarded rates: $415.00 per hour for Mr. Downing and $325.00 per hour for Ms. Jorgenson. This results in a $60.00 reduction.[5]

I find the requested paralegal rates are reasonable, based on the Office of Special Masters' Fee Schedule and what Mr. Downing's staff has previously been awarded. *See Lizalde*, 2025 WL 2223405, at *5; *Miyahara v. Sec'y of Health & Hum. Servs.*, No. 22-1497V, 2025 WL 1837226, at *5 (Fed. Cl. Spec. Mstr. June 4, 2025).

### 2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the

---

[4] The Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule for 2015 through 2026 can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[5] Applying Mr. Downing's previously awarded rate of $415.00 for work performed in 2022 results in a $60 reduction ($445.00 - $415.00 = $30.00 x 2.0 hours = $60.00 reduction). Although Petitioners requested compensation for Ms. Jorgenson at a rate of $345.00 for work performed in 2022, no time was actually billed by Ms. Jorgenson in 2022. *See* Fees App. at 24-25; Fees App., Ex. A at 1. Accordingly, no reduction is necessary for 2022 for Ms. Jorgenson.

litigation." *Avera*, 515 F.3d at 1348.  Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours).  Further, special masters may reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008), *aff'd*, No. 99-573V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See*, *e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable; however, a minor reduction is necessary due to paralegal time billed for administrative and clerical tasks and excessive paralegal time billed for review of filings.  Most of these entries bill between 0.1 and 0.2 hours for receiving and reviewing filing notifications.  *See* Fees App., Ex. A.  Some entries are also block billed, meaning non-compensable administrative tasks are indistinguishably billed together with compensable tasks.  *Id*.  Examples include (but are not limited to):

- November 15, 2022: 0.2 hours billed by Ms. Avery to "*Receive and review Court's Scheduling Order*; memo to file re: dates and issues needed to be addressed."

- January 13, 2023: 0.2 hours billed by Ms. Avery to "Finalize and file Petitioner's Post-Hearing Brief; *receive and review Court's ECF notification*; memo to file re: completion."

- January 2, 2025: 1.4 hours billed by Ms. Perez for "Initial drafting work re Motion for Interim Fees and Expenses; to ADD for final drafting; compile interim invoice with expenses and exhibits and ensure no duplicative entries; finalize and file Motion; *receive and review Court's ECF Notification*; memo to file re completeness."

*Id.* (emphases added).  These issues have previously been raised with Mr. Downing and his colleagues.  *See Vecchiato v. Sec'y of Health & Hum. Servs.*, No. 24-667V, 2026 WL 286250, at *3 (Fed. Cl. Spec. Mstr. Jan. 8, 2026) (reducing fees by 5% for block billing and billing for administrative tasks); *McNulty,* 2025 WL 4101614, at *5 (reducing fees by 2% for billing administrative tasks and block billing); *Pearce v. Sec'y of Health & Hum. Servs.*, No. 22-1362V,

2025 WL 2306298, at *3-6 (Fed. Cl. Spec. Mstr. July 15, 2025) (reducing fees by 5% for billing for non-compensable administrative tasks, block billing, excessive billing, and duplicative billing); *Cobb v. Sec'y of Health & Hum. Servs.*, No. 22-28V, 2025 WL 1836087, at *5 (Fed. Cl. Spec. Mstr. May 30, 2025) (reducing fees by $500 for billing clerical tasks).  Because it is impossible to determine how much time was expended on each individual task in the block-billed entries, I will apply a flat $500.00 deduction from the requested attorneys' fees for these charges.

Accordingly, Petitioners are awarded attorneys' fees in the amount of **$21,603.00**.[6]

### D.  Reasonable Costs

Petitioners request a total of $1,356.60 for attorneys' costs related to medical record requests.  Fees App. at 22; Fees App., Ex. A at 4.

Petitioners provided documentation for the costs associated with the medical record requests.  Fees App., Ex. A at 6-7.  I find these costs to be reasonable and award them in full.

I award Petitioners a total of **$1,356.60** in attorneys' costs.

### III.    Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of awards of interim attorneys' fees and costs, and based on the foregoing, I **GRANT IN PART** Petitioners' application.  Petitioners are awarded interim attorneys' fees and costs in the total amount of **$22,959.60** as follows:

- A lump sum in the amount of **$22,959.60**, representing reimbursement of Petitioners' interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' former counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[6] This total reflects Petitioners' $22,163.00 request for attorneys' fees minus the $60.00 reduction for Mr. Downing's work in 2022 and $500.00 deduction for paralegal billings. ($22,163.00 - $60.00 - $500 = $21,603.00).

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.